UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LLEWELLYN ANGELO WILLIAMS,

        Plaintiff,

-against-

CITY OF NEW ROCHELLE,

        Defendant.

19-CV-2710 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Llewellyn Angelo Williams, of Rockville, Maryland, appears *pro se* and brings this action under 42 U.S.C. §§ 1981 and 1983. He sues the City of New Rochelle, New York, and seeks monetary damages as well as injunctive relief. By order dated June 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

**A.** ***Williams v. The City of New Rochelle*, No. 13-CV-3315 (NSR)**

On May 16, 2013, Plaintiff filed an action in this Court under 42 U.S.C. § 1983 against the City of New Rochelle ("the City"). *See Williams v. The City of New Rochelle*, No. 13-CV-3315 (NSR) ("*Williams I*"). Later that year, he amended his complaint to add as defendants the City's police department and individual members of its police department. Plaintiff, who owns a small towing company and was then a New Rochelle resident, asserted claims under 42 U.S.C. §§ 1981 and 1983 arising from (1) the City's enforcement of Chapter 316 of the Code of the City of New Rochelle ("Chapter 316"), which regulates towing businesses that "boot"[1] vehicles that are illegally parked on private or public property within the City, and (2) the individual defendants' enforcement of Chapter 316 against him. *See Williams I*, No. 13-CV-3315 (NSR), at 1-9 (S.D.N.Y. Dec. 7, 2017).

In an Opinion and Order dated December 7, 2017, Judge Nelson S. Román of this Court granted the defendants' motion for summary judgment. *Id.* at 9-26. By order dated December 20, 2018, Judge Román denied Plaintiff's motion for reconsideration. *Williams I*, No. 13-CV-3315 (NSR) (S.D.N.Y. Dec. 20, 2018). Plaintiff appealed, and his appeal is pending in the United States Court of Appeals for the Second Circuit. *See Williams v. The City of New Rochelle*, No. 18-84 (2d Cir.).

---

[1] Under Chapter 316, booting is defined as "to clamp, affix or lock a booting device onto the wheel of a motor vehicle to prevent the wheel from rotating, thereby immobilizing the vehicle." Code of the City of New Rochelle § 316-2.

B.  **The present action**

In the present action, Plaintiff asserts claims under §§ 1981 and 1983 against the City. His claims arise from (1) the City's amendments to Chapter 316, which Plaintiff alleges took effect on October 16, 2012, and (2) the City's enforcement of Chapter 316 against him thereafter.

**DISCUSSION**

A.  **Claim preclusion**

The Court must dismiss Plaintiff's claims under the doctrine of claim preclusion. This doctrine, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). The granting of summary judgment is an adjudication on the merits for the purpose of claim preclusion. *E.g., Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 714-15 (2d Cir. 1977); *Strujan v. Merck & Co. Inc.*, No.

3

18-CV-8756 (CM), 2019 WL 1897672, at *2 (S.D.N.Y. Apr. 26, 2019). And the preclusive effect of a judgment on the merits is immediate, regardless of whether an appeal of the judgment is pending. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998). Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may raise it on its own initiative, *see, e.g.*, *Scherer v. Equitable Assurance Soc' y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including res judicata, may be raised *sua sponte*.").

Plaintiff's claims in this action are against the City and arise from the City's enforcement of Chapter 316 following the amendments to that law made effective on October 16, 2012. In 2013, Plaintiff filed *Williams I* (and then amended his complaint in that action three times), after the relevant amendments to Chapter 316 became effective. He asserted claims in *Williams I* against the City arising from its enforcement of Chapter 316. Thus, Plaintiff's claims in the present action are either the same claims that he raised against the City in *Williams I*, or claims that he could have raised against it in that action. Judge Román adjudicated *Williams I* on the merits when he granted summary judgment to the defendants, including the City. The doctrine of claim preclusion therefore prevents Plaintiff from asserting claims against the City in this action. The Court therefore dismisses Plaintiff's claims in this action for failure to state a claim on which relief may be granted under the doctrine of claim preclusion. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim on which relief may be granted).

4

**B.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court directs that Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted under the doctrine of claim preclusion. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  July 3, 2019
         New York, New York

                                                      COLLEEN McMAHON
                                      Chief United States District Judge